UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DR. GERALD R. FINKEL, as Chairman of the
Joint Industry Board of the Electrical Industry,

                                    Petitioner,                    REPORT AND
                                                                 RECOMMENDATION
   -against-

                                                                 21 CV 1881 (AMD)(RML)
HIGH VOLT ELECTRIC CORP. OF AMERICA,

                                  Respondent.
---------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated September 3, 2021, the Honorable Ann M. Donnelly, United States District Judge, referred petitioner's Letter Request to Deem the Petition as an Unopposed Motion for Summary Judgment to me for report and recommendation. For the reasons explained below, I respectfully recommend that the arbitration award be confirmed and that petitioner be awarded $136,809.29 in damages as well as $1,035 in attorney's fees and costs.

## BACKGROUND AND FACTS

        Petitioner Dr. Gerald R. Finkel, as Chairman of the Joint Board of the Electrical Industry ( the "JIB"), commenced this action pursuant to section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified as amended, 29 U.S.C. § 1132, and section 301 of the Labor Management Relations Act, codified as amended, 29 U.S.C. § 185, to confirm and enforce an arbitration award entered in favor of the JIB against respondent High Volt Electric Corp. of America ("respondent"). (Petition to Confirm Arbitration Award, dated Apr. 8, 2021 (the "Petition" or "Pet."), Dkt. No. 1.) Respondent is a New York corporation with its principal place of business at 22-44 82nd Street, East Elmhurst, New York 11370. (Pet. ¶ 13.)

The JIB is the administrator and fiduciary of various employee benefit multiemployer plans established and maintained pursuant to a collective bargaining agreement ("CBA") between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO ("the Union"), and certain employers in the electrical and other related industries. (Pet. ¶ 4.) The JIB is the administrator and fiduciary within the meaning of §§ 3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§ 1002 (16)(A)(i) and 1002(21)(A), of each of the following employee benefit plans: the Pension, Hospitalization and Benefit Plan of the Electrical Industry; the Dental Benefit Fund of the Electrical Industry; the Educational and Cultural Trust Fund of the Electrical Industry; the Annuity Plan of the Electrical Industry; the Health Reimbursement Account Plan of the Electrical Industry; the Deferred Salary Plan of the Electrical Industry (the "DSP"); the Joint Apprenticeship and Training Program; and the National Electrical Benefit Plan (collectively the "ERISA Plans"). (Id. ¶ 5.)

Pursuant to the CBA, by which respondent agreed to be bound, the JIB receives directly from each signatory employer a weekly remittance consisting of contributions to each of the ERISA plans, except the DSP, as well as a Union assessment collected by the signatory employer from each Union member (the "Union Assessment"). (Id. ¶¶ 6, 14-15.) Each employer is also required to remit to the DSP a specified percentage of the weekly wage of each eligible employee, plus any additional salary deferrals made at the election of the employee ("Employee Contributions") as well as the employer contributions on behalf of all covered employees ("Employer Contributions"). (Id. ¶ 8.) The Employee Contributions and the Employer Contributions to the DSP are collectively referred to as "DSP Contributions." Employers are required to send all DSP contributions and related payroll data to the DSP in the care of Prudential Financial, Inc. ("Prudential"), the third-party record-keeper and investment

manager retained by the JIB.  (Id. ¶ 11.)  Additionally, the JIB may collect employee loan payments due to the Union and certain plans as well as contributions to fund the operation of the JIB (collectively, the "non-ERISA plans").  (Id. ¶ 9.)  These payments together are referred to as the "non-ERISA contributions." (Id.)

Each employer's contributions to the ERISA plans, the Union Assessment remittances, and the non-ERISA plans are collectively known as the "JIB Contributions."  (Id. ¶ 12.)  The JIB Contributions, together with the DSP Contributions, are "Required Contributions" under the CBA.  (Id.)  The CBA requires respondent to make the Required Contributions for all work within the trade and geographical jurisdiction of the Union and to submit weekly payroll reports providing the name, gross wage, and hours worked for each worker employed by the company on whose behalf the Required Contributions are made.  (Id. ¶ 16.)

The CBA includes a Collection Policy that allows the JIB to use a prior week's payroll report to calculate the amount of contributions due from an employer if the employer fails to remit contributions and has not submitted payroll reports for such unpaid contributions. (Pet. ¶¶ 19-21; Collection Policy, attached to Pet. as Ex. C, Dkt. No. 1-3.)  Additionally, the Collection Policy establishes the rate at which interest on delinquent contributions is to be calculated, and it provides that an employer shall be liable for liquidated damages and attorney's fees and costs if legal action is commenced.  (Pet. ¶¶ 21-23.)

In the event of a dispute concerning an employer's obligations, the CBA has Arbitration Procedures.  (See id. ¶ 20.)  The Arbitration Procedures provide that an arbitrator "shall have the jurisdiction to determine any dispute between the JIB against an Employer, related to the Employer's obligation to contribute to the Funds, including but not limited to Audits, Delinquencies, interest, liquidated damages, and attorneys' fees and costs."  (Id. ¶ 24;

Arbitration Procedures, attached to Pet. as Ex. D, Dkt. No. 1-4.) The Arbitration Procedures also provide that if the arbitrator finds in whole or in part for the JIB, the employer shall be liable for the arbitrator's fees and the JIB's attorney's fees and costs. (Pet. ¶ 25; Arbitration Procedures.)

Pursuant to the Arbitration Procedures and Collection Policy, petitioner initiated arbitration proceedings when respondent failed to remit: (1) the JIB Contributions owed for payroll weeks ending August 5, 2020 through December 30, 2020; and (2) the DSP Contributions owed for payroll weeks ending August 5, 2020 through December 30, 2020. (Pet. ¶¶ 26-27.) A hearing was held on March 16, 2021 before Stephen F. O'Beirne, the designated arbitrator. (Id. ¶¶ 27, 29.) Petitioner was represented by counsel and Project Manager Nanci Merchan appeared on the Employer's behalf. (See Arbitration Award, attached as Ex. H to Pet. (the "Award"), Dkt. No. 1-8, at 3.) The arbitrator issued the Award on March 20, 2021 and found that respondent was liable to petitioner for $136,809.29, representing: (1) JIB Contributions of $58,577.34; (2) interest thereon of $14,806.56; (3) DSP contributions of $40,789.84; (4) additional interest of $2,984.46; (5) liquidated damages of $19,873.44; and (6) attorney's fees, arbitration fees, administrative fees, and costs of $3,250.[1] (Pet. ¶¶ 31-32; Award at 5.) Since the Award was issued, respondent has failed to abide by the Award. (Pet. ¶ 33.)

On April 8, 2021, petitioner commenced this action to confirm and enforce the Award. (See Petition.) Petitioner also seeks damages of $136,809.29, pre-judgment interest, attorney's fees, and costs. (Id.) Respondent has not answered or otherwise moved with respect to the Petition. (See Order, dated June 17, 2021; Letter Request to Deem the Petition as an

---

[1] Together, the sum of these items is $140,281.64. The Award explains that the amount owed—$136,809.29—reflects a credit of $3,472.35 for moneys held in escrow by the JIB. (See Award at 5 n. 3.)

4

Unopposed Motion for Summary Judgment, dated June 18, 2021 ("Petitioner's Letter Request"), Dkt. No. 10; Letter Regarding the June 17, 2021 Order, dated June 18, 2021, Dkt. No. 11.)

On June 18, 2021, petitioner filed a letter requesting that the Petition be reviewed as a motion to confirm the arbitration award and that this court deem the Petition an unopposed motion for summary judgment. (Petitioner's Letter Request.) Judge Donnelly referred Petitioner's Letter Request to me for report and recommendation on September 3, 2021. (Order Referring Motion, dated Sept. 3, 2021.)

## DISCUSSION

### A. Legal Standard

Courts in this Circuit treat a respondent's failure to reply to a petition to confirm an arbitration award as an unopposed motion for summary judgment. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006). In order to prevail, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). However, "in the context of a petition to confirm an arbitration award, the burden is not an onerous one." Finkel v. Pomalee Elec. Co., No. 16 CV 4200, 2018 WL 1320689, at *5 (E.D.N.Y. Feb. 22, 2018) (quoting 1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc., No. 13 CV 2608, 2014 WL 840965, at *6 (S.D.N.Y. Mar. 4, 2014)), report and recommendation adopted, 2018 WL 1318997 (E.D.N.Y. Mar. 14, 2018).

Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." D.H. Blair & Co., 462 F.3d at 110 (internal quotation marks and citation omitted). Courts must grant an arbitrator's decision

5

"great deference." Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003). The arbitrator's rationale need not be explained, and the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair, 462 F.3d at 110 (quoting Barbier v. Shearson Lehman Hutton, Inc., 984 F.2d 117, 121 (2d Cir. 1991)). Only "a barely colorable justification for the outcome reached" is necessary to confirm the award. Id. Especially in the context of labor disputes, federal policy favors the enforcement of arbitration awards. See Pomalee Elec. Co., 2018 WL 1320689, at *5.

**B. Analysis**

1. Liability and Damages

Petitioner requests confirmation of the award and damages of $136,809.29. (See Petition.) At the March 16, 2021 arbitration hearing, petitioner put forth evidence of respondent's liability for the amounts owed. (See Pet. ¶ 30; Award at 2-4.) After considering petitioner's evidence, the arbitrator awarded petitioner a total of $136,809.29, representing: $58,577.34 in unpaid JIB Contributions; $14,806.56 in interest on the owed JIB Contributions; $40,789.84 in unpaid DSP Contributions to Prudential; $2,984.86 in interest on the owed DSP Contributions; $19,873.44 in liquidated damages; $3,250 in attorney's fees, arbitration fees, administrative fees, and costs; and a credit of $3,472.35 for moneys held in escrow by the JIB. (See Award at 5.)

Having reviewed petitioner's submissions, as well as the Award itself, I find that petitioner has met its summary judgment burden and that more than a barely colorable justification exists for the Award. Therefore, I respectfully recommend that the award be confirmed and that respondent be ordered to pay the total Award amount of $136,809.29.

2. Attorney's Fees and Costs

Petitioner also requests attorney's fees of $560 for work associated with this confirmation proceeding. (Pet. ¶ 41; History Bill, attached as Ex. I to Pet. ("Billing Records"), Dkt. No. 1-9.) The Collection Policy as well as the Award provide that petitioner is entitled to costs and reasonable attorney's fees incurred in confirming an arbitration award. (Pet. ¶ 36; Collection Policy, Art. II.E.2; Award at 6.) Moreover, "[w]hen a party fails to abide by an arbitrator's decision without justification, attorney's fees and costs may be awarded." N.Y.C. & Vicinity Dist. Council of Carpenters v. Sukhmany Constr. Inc., No. 16 CV 6360, 2018 WL 2078479, at *6 (E.D.N.Y. Jan. 29, 2018) (internal quotation marks omitted) (collecting cases), report and recommendation adopted, 2018 WL 1459457 (E.D.N.Y. Mar. 23, 2018).

In calculating a reasonable fee award, the court must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). Reasonable hourly rates are determined by reference to fees in the community in which the action is pending and to the skill and experience of the attorneys who worked on the matter. Luciano v. Olsten Corp., 109 F. 3d 111, 115-16 (2d Cir. 1997). The party seeking fees bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (2d Cir. 1983)). "Courts have broad discretion to assess the reasonableness of each component of a fee award." Jaramillo v. Banana King Rest. Corp., No 12 CV 5649, 2014 WL 2993450, at *8 (E.D.N.Y. July 2, 2014).

The court is required to look to the hourly rates that are commonly charged for comparable work in the Eastern District of New York. See Simmons v. N.Y.C. Transit Auth.,

575 F.3d 170, 175-77 (2d Cir. 2009). Here, petitioner's request is for fees based on a rate of $350 per hour for the work of Nicole Marimon, a partner at Virginia & Ambinder LLP ("V&A") with seven years of experience in ERISA litigation. (Pet. ¶ 38.) I find the hourly rate for Ms. Marimon reasonable based on the prevailing rates in this district. See, e.g., Finkel, 2019 WL 1605186, at *4 (finding $350 to be a reasonable hourly rate for Ms. Marimon); Trs. of Local 522 Pension Fund v. Consol. Cos., No. 17 CV 1991, 2018 WL 2078117, at* 9 (E.D.N.Y. Feb. 6, 2018) (finding $350 to be a reasonable hourly rate for a partner with ERISA experience), report and recommendation adopted, 2018 WL 1521775 (E.D.N.Y. Mar. 27, 2018); Trs. of Local 522 Pension Fund v. Bayway Lumber & Home Ctr., No. 16 CV 5286, 2017 WL 9511077, at *6 (E.D.N.Y. July 25, 2017) (finding $325 to be a reasonable hourly rate for a partner with over twenty years of employment law experience), report and recommendation adopted, 2017 WL 4075182 (E.D.N.Y. Sept. 14, 2017).

Petitioner seeks compensation for 1.6 hours of work by Ms. Marimon. (Pet. ¶ 41; Billing Records.) Based on the contemporaneous time records submitted, I find the time expended by counsel to be reasonable. As such, I respectfully recommend that petitioner be awarded $560 in attorney's fees.

Petitioner additionally requests costs of $475, consisting of this court's filing fee and service charges. (Pet. ¶ 42.) I find these costs to be reasonable and respectfully recommend that petitioner's request be granted.

### 3. Pre-Judgment Interest

Finally, petitioner requests interest from the date of the Award through the date of judgment. (See Petition.) "[W]ithin the Second Circuit there is a 'presumption in favor of prejudgment interest' where the arbitration agreement states that an arbitration decision is 'final

and binding.'" Finkel, 2019 WL 1605186, at *5 (quoting Local 355 United Serv. Workers Union v. Certified Climate Control Sys., Inc., No. 15 CV 00654, 2016 WL 806074, at *11 (E.D.N.Y. Feb. 10, 2016), report and recommendation adopted, 2016 WL 843290 (E.D.N.Y. Mar. 1, 2016); see also Trs. of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Cooperation, Pension & Welfare Funds v. Tri-State Acoustics Corp., No. 13 CV 5558, 2014 WL 4537481, at *7 (E.D.N.Y. Sept. 11, 2014) (awarding pre-judgment interest on arbitration award). Because the Arbitration Procedures state that an arbitration award is final and binding, I find that petitioner is entitled to pre-judgment interest on the remaining balance of the arbitrator's award. (See Arbitration Procedures, Sect. IX.B.) However, petitioner has not provided calculations for pre-judgment interest or proposed how pre-judgment interest should be calculated in this case. Absent further explanation from petitioner, I decline to recommend an award of pre-judgment interest; however, petitioner may submit pre-judgment interest calculations on or before December 23, 2021.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the petition to confirm the arbitration award be granted. I further recommend that respondent be ordered to pay petitioner the total remaining Award amount of $136,809.29 as well as attorney's fees of $560, and costs of $475. I decline to recommend an award of pre-judgment interest at this time, but petitioner may submit interest calculations on or before December 23, 2021 for consideration.

Any objections to this report and recommendation must be filed within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d). Petitioner is directed to serve copies of this Report and Recommendation on the respondent within three days

of the date of this Report and Recommendation and to file proof of service by ECF.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
November 30, 2021